# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN DOUGLAS JENSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cr-00618<br><br>District Judge Dale A. Kimball |

Defendant Stephen Jenson filed a Motion for Early Termination of Supervised Release. (Dkt. No. 12). On March 21, 2013, the Defendant was sentenced to 36 months of imprisonment and 60 months of supervised release. On April 28, 2015, the Defendant was released from the custody of the Bureau of Prisons to begin his term of supervised release. As of the date of this order the Defendant has completed 43 months of his 60-month supervised release sentence.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote the respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

In the Defendant's motion for early termination of supervised release he notes that he completed sex offender therapy on October 15, 2018, he has tested negative for drugs and alcohol during his probation, he has abided by the conditions of the supervised release, he maintains a stable living environment, he has maintained stable employment, and he has completed higher education courses.

The Defendant's probation officer filed a report on his position on whether to grant the Defendant's motion. The probation officer contacted the U.S. Attorney's Office for the Eastern District of Michigan and the assigned AUSA objects to the Defendant's early termination based on the nature of the offense and the Defendant's characteristics. The assigned AUSA did not include any reasons for his objections to granting supervised release other than noting the serious nature of the offense. The probation officer did not state his position on whether the supervised release motion should be granted.

Based on the Defendant's conduct, the court finds that an early termination of supervised release is warranted. The Defendant has successfully completed 43 months of his 60-month supervised release sentence. The Defendant has had no violations during his supervised release period and has made substantial efforts to better his circumstances. Accordingly, the court GRANTS the Defendant's Motion for Early Termination of Supervised Release. (Dkt. No. 12).

Dated this 7th day of December 2018.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge